## Kuljis, et ux *v.* Collins.

No. 41404      February 29, 1960      118 So. 2d 307

*Buntin & Martin,* Gulfport; *John Sekul,* Biloxi, for appellants.

*Rushing & Guice,* Biloxi, for appellee.

McGehee, C. J.

This suit involves the ownership of a 7.7 foot strip of land on the east side of Benachi Avenue in Biloxi, Harrison County, Mississippi. The suit was filed by the appellee against the appellants to enjoin them from claiming any title or interest in the disputed strip of land, and for other purposes. The decree appealed from granted the injunction in the particular above mentioned and also ordered the defendants, who are the appellants here, to remove from said land any fence or other structure placed thereon by them or either of them or their agents or servants, and also from trespassing upon said land or interfering with the peaceful enjoyment of the same by the complainant.

The decree herein appealed from also dismisses the cross-complaint of the appellants.

The case involves a boundary line dispute and is to be determined by what is the north curb line of West Palm Beach Street in Biloxi, Harrison County, Mississippi. The testimony was in substantial conflict between the surveyors testifying for the complainant and the surveyor testifying for the defendants. The conflict in the testimony is very largely as to whether the original starting point on the south part of the property in question along West Palm Beach Street near the Gulf of Mexico should begin at the coping or curb north of the sidewalk, or whether it should begin on the north curb immediately adjacent to the paved portion of West Palm Beach Street, which is now U. S. Highway 90.

Two surveyors, namely William J. Collins and Phillip Shaw, measured from the north curb of the paved portion of West Palm Beach Street and not from the curb or wall north of the sidewalk, the latter being the starting point of the Surveyor Martin, who surveyed for the defendants.

■■ ■ On the conflicting evidence as to the proper starting point for the measurement of the property claimed by the defendants, the decree of the chancellor was sustained by the testimony of two of the surveyors and the basis for the dispute as to the ownership of the 7.7 foot strip of land is due to the fact that these two surveyors measured from the north curb of the paved portion of West Palm Beach Street, whereas the other surveyor measured from the curb or wall north of the sidewalk. In holding that the strip of land in question belonged to the complainant and he was entitled to the relief prayed for, we are unable to say that the decision of the chancellor was manifestly wrong, and the said holding must therefore be affirmed.

Affirmed.

*Hall, Holmes, Ethridge* and *Gillespie, JJ.,* concur.